1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   STEPHEN E ROULAC, and O.D.
    PARKINSON,
10                                                      No. C 04-02671 JSW

11              Plaintiffs,
                                                        **ORDER DENYING**
12       v.                                             **DEFENDANT'S MOTION FOR**
                                                        **PARTIAL SUMMARY**
13   UNITED STATES OF AMERICA,                          **JUDGMENT**

14              Defendant.
    _____/

15

16                                   **INTRODUCTION**

17          This matter is before the Court upon consideration of Defendant's motion for partial

18   summary judgment.  The Court held a hearing on this matter on February 4, 2005, and deferred

19   ruling on the motion at that time to permit discovery and supplemental briefing.  The parties

20   have now submitted that supplemental briefing and the matter is ripe for disposition.  Having

21   reviewed the pleadings, relevant legal authority, and having had the benefit of oral argument,

22   the Court finds that the matter is suitable for disposition without further argument.  *See* N.D.

23   Civ. L.R. 7-1(b).

24                          **FACTUAL AND PROCEDURAL BACKGROUND**

25          This matter arises out of a dispute over the tax treatment of $1.6 million that Plaintiff

26   Stephen Roulac (hereinafter "Roulac") received from Deloitte & Touche, LLP ("Deloitte") as

27   part of a settlement agreement.[1]  The following facts are not in dispute.

28
    _____

          [1]      Plaintiff O.D. Parkinson is a party because she is married to Plaintiff and filed
    a joint return for the tax year in question.  This disposition shall refer only to Plaintiff
    Roulac, as the dispute arises out of a settlement agreement to which he was party.

*United States District Court*
For the Northern District of California

On March 21, 1993, Plaintiff filed suit against Deloitte for breach of contract, breach of fiduciary duty, fraud, constructive fraud, breach of implied covenant of good faith and fair dealing, and intentional and negligent interference with contract (the "Deloitte litigation"). (Plaintiff's Request for Judicial Notice ("RJN"), Ex. A.)[2]  The Deloitte litigation arose out of Roulac's sale to Deloitte of certain of his business assets and an agreement that Roulac would become a Deloitte principal.  (*See generally id.* at ¶¶ 14-54.)

Roulac's complaint in the Deloitte litigation makes one reference to emotional distress damages.  (*Id.* at ¶56(9).)  The record in this case demonstrates that the Roulac and the Deloitte defendants engaged in a pretrial settlement conference.  Roulac, however, did not identify emotional distress damages as damages claimed in his settlement conference statement. (Deposition of Geoffrey Howard ("Howard Depo."), Ex. 3 at 10-11.)[3]  Similarly, Roulac did not identify "emotional distress" damages in a responses to interrogatories propounded by defendants in the Deloitte litigation.  (*Id.*, Ex. 6 at 11-14, Ex. 7 at 14-20.)  Geoffrey Howard, one of Deloitte's attorneys during the Deloitte litigation, testified that he did not recall Roulac producing evidence of emotional distress damages during discovery or presenting such evidence at trial.  (*Id.* at 16:3-6, 17:3-6.)

The jury returned a general verdict in favor of Roulac in the amount of $1,251,276.  In approximately December 1995, after the jury had returned this verdict and after both parties had filed notices of appeal, Roulac's counsel contacted Deloitte's counsel to discuss settlement.  (*Id.* at 23:7-24:23.)  According to Mr. Howard, Roulac's counsel stated that "there was a window of opportunity to settle the case and that [the] window of opportunity was going to close quickly, having to do with the tax implications of the settlement if it was for emotional distress damages or for something else."  (*Id.* at 24:19-23.)

---

[2]     Plaintiff's request for judicial notice is GRANTED.  The documents submitted to the request are pleadings on file in the Deloitte litigation and the Court can take judicial notice of the existence of those pleadings. Fed. R. Evid. 201.

[3]     The transcript and exhibits to the Howard Deposition are attached to the Declaration of Jay Weill filed in support of Defendant's Supplemental Brief.

2

1    Correspondence between the parties and draft settlement agreements indicate that

2    Roulac wanted to include language to the effect that the settlement was for emotional distress

3    damages.  (Howard Depo., Exs. 9-11.)  Plaintiff avers that he would not have settled unless this

4    language was included and does not deny that favorable tax treatment was a factor in

5    considering whether to settle.  (*See* Declaration of Stephen Roulac, ¶ 13; Plaintiff's Supp. Opp.

6    at 6.)

7    The disputed facts revolve around the proper tax allocation of this settlement.

8    Defendant contends the entire amount should included in Roulac's gross income under 26

9    U.S.C. § 104(a)(2), because the settlement was a sham and was motivated by tax purposes.

10   (Def. Supp. Br. at 2.)  Roulac contends that some - if not all - of the settlement properly is

11   excluded from his gross income, because the settlement agreement states that "Roulac contends

12   that the [amount paid] is to compensate him for alleged emotional distress damages."

13   (Declaration of Jay Weill in Support of Motion for Summary Judgment, Ex. 1 at 2.)

14                                **ANALYSIS**

15   **A.    Standards Applicable to Motions for Summary Judgment.**

16   As the party moving for partial summary judgment, Defendant bears the initial burden of

17   identifying those portions of the pleadings, discovery, and affidavits which demonstrate the

18   absence of a genuine issue of material fact.  *Celotex Corporation v. Cattret*, 477 U.S. 317, 323

19   (1986).  An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact

20   finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49

21   (1986).  A fact is "material" if it may affect the outcome of the case.  *Id.* at 248. "In considering

22   a motion for summary judgment, the court may not weigh the evidence or make credibility

23   determinations, and is required to draw all inferences in a light most favorable to the non-

24   moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

25   **B.    Defendant Is Not Entitled to Partial Summary Judgment.**

26   Pursuant to the Internal Revenue Code, "[e]xcept as otherwise provided ... gross income

27   means all income from whatever source derived."  26 U.S.C. § 61(a).  For the tax year at issue

28   in this case, Section 104(a)(2) of the Internal Revenue Code excluded from gross income

**United States District Court**
For the Northern District of California

3

1   damages received on account of personal injuries or sickness, and included sums received as

2   part of a settlement.  Such income may be excluded from gross income when it is received (1)

3   through prosecution or settlement of an action based upon tort or tort type rights *and* (2) on

4   account of personal injuries or sickness.  *Commissioner v. Schleier*, 515 U.S. 323, 337 (1995).

5   The parties do not dispute that the sum in question was received through prosecution of an

6   action based upon tort or tort type rights.  Thus, there is no dispute that the Plaintiff meets the

7   first prong of the *Schleier* test.  Rather, the focus of the parties' dispute is whether Plaintiff can

8   satisfy the second prong and show that the income was received on account of personal injuries

9   or sickness, which during the tax year in question included nonphysical injuries "such as those

10  affecting emotions, reputation, or character."  *See Commissioner v. Burke*, 504 U.S. 229, 236

11  n.6 (1992).  The second prong is satisfied when "there is a 'direct causal link' between the

12  damages and the personal injuries sustained," and when economic torts are involved, that

13  question "requires a fact-specific analysis of the damage award."  *Banaitis v. Commissioner*,

14  340 F.3d 1074, 1080 (9th Cir. 2003), *rev'd on other grounds*, *Banks v. Commissioner*, 125 S.Ct.

15  826 (2005).

16       Although the settlement agreement in question contains express language regarding the

17  allocation of proceeds, the Court is not bound by that allocation.  *See, e.g., Bagley v.*

18  *Commissioner*, 105 T.C. 396, 406 (1995) (stating that where settlement agreement contains

19  express allocation, allocation generally will be followed "if the agreement is entered into by the

20  parties in an adversarial context at arm's length and in good faith. ... However, an express

21  allocation ... is not necessarily determinative if other facts indicate that the payment was

22  intended by the parties to be for a different purpose.");  *Robinson v. Commissioner*, 102 T.C.

23  127, 129 (1994), *aff'd in part and rev'd in part on other grounds*, 70 F.3d 34 (5th Cir. 1995)

24  (same; also noting that payor's intent important factor in determining the validity of the

25  agreement).

26       Evidence submitted by the Defendant suggests that, at least in part, Roulac was

27  motivated by tax considerations in settling.  (*See* Howard Depo. at 24:19-23, 26:5-27:1.)

28  Further, the record shows that although Plaintiff alleged emotional distress damages in his

**United States District Court**
For the Northern District of California

4

**United States District Court**
For the Northern District of California

1  complaint, there was no evidence or discussion of such damages until after the jury returned

2  their verdict; a verdict that appears to be based largely on economic damages Roulac suffered.

3  The Court also notes that the settlement payment was actually larger than the jury verdict,

4  supporting an inference that some of the proceeds might be attributable to damages other than

5  those presented at trial.

6      Based on the record currently before it, the Court cannot find as a matter of law that

7  none of the proceeds were attributable to emotional distress damages or that the settlement was

8  a sham.  Nor can it say, however, that *all* of the proceeds are attributable to emotional distress

9  damages.  Accordingly, the Court concludes that there factual disputes remain regarding the

10  circumstances surrounding the settlement, including the intent of the payor in making the

11  settlement payment. *See, e.g., Bagley,* 105 T.C. at 406; *Robinson*, 102 T.C. at 129.  As a result,

12  there are also factual disputes as to the proper allocation of the settlement proceeds.

13      Accordingly, the Government's motion for partial summary judgment is DENIED.

14      The parties are directed to appear for a case management conference on September 30,

15  2005, at 1:30 p.m., and shall submit a joint case management conference statement by no later

16  than September 23, 2005.

17      **IT IS SO ORDERED.**

18

19  Dated:  July 25, 2005

20  _____
   JEFFREY S. WHITE
   UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28