IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN E. ROULAC, and O.D. PARKINSON,<br><br>    Plaintiffs,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant.<br>_____/ | No. C 04-02671 JSW<br><br>**PROPOSED FINAL JURY INSTRUCTIONS** |

**DUTY OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. I am also providing each of you with copies of these instructions for you to consult in the jury room if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

**WHAT IS EVIDENCE**

The evidence from which you are to decide what the facts are consists of:

1. the sworn testimony of witnesses;
2. the exhibits which have been received into evidence; and
3. any facts to which the lawyers have agreed or stipulated.

**WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you to interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give any evidence.

**STIPULATIONS OF FACT**

The parties have agreed to certain facts that have been stated to you. You should therefore treat these facts as having been proved.

**CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;
2. the witness' memory;
3. the witness' manner while testifying;
4. the witness' interest in the outcome of the case and any bias or prejudice;
5. whether other evidence contradicted the witness' testimony;
6. the reasonableness of the witness' testimony in light of all the evidence; and
7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

**TAX REFUND ACTIONS - ELEMENTS AND BURDEN OF PROOF**

On Plaintiffs' claim that the $1,600,000 Plaintiff Roulac received as a settlement from Deloitte is exempted from gross income, and that they are therefore entitled to a refund, the plaintiffs have the burden of proving each of the following elements by a preponderance of the evidence:

1. the plaintiffs are entitled to the exemption;

2. if plaintiffs are entitled to the exemption, in what amount.

If you find that each of the elements on which the plaintiffs have the burden of proof has been proved, your verdict should be for the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any of these elements, your verdict should be for the defendant.

**INCOME EXCLUSION UNDER 26 U.S.C. § 104(a)(2) - TWO PART TEST**

In order to establish by a preponderance of the evidence that the settlement amount of $1,600,000 Plaintiff Roulac received was exempt from taxation, the plaintiffs must establish each of two things:

First, plaintiffs must establish that the underlying claim giving rise to the settlement is based on tort or tort type rights; and

Second, the plaintiffs must establish the amount of the settlement that was received on account of personal injuries or sickness. The exclusion applies to both physical and nonphysical injuries, including claimed emotional distress.

These two requirements are independent of one another and must both be met in order for a settlement amount to be excludable.

**SEQUENCE OF ANALYSIS WHEN DAMAGES ARE PAID THROUGH A SETTLEMENT AGREEMENT**

The $1,600,00 at issue here was received by Plaintiff Roulac pursuant to a settlement he reached with Deloitte. When damages are paid through a settlement agreement, you may look to the underlying agreement to determine whether it expressly states that the damages compensate for personal injuries or sickness. If the agreement lacks express language specifying the purpose of the compensation, you may examine the intent of the payor.

If the settlement agreement allocates the proceeds, the allocation may be followed to the extent that the agreement was entered into by the parties in an adversarial context at arms length and in good faith. However, you need not blindly accept the terms contained in a settlement agreement, especially if the circumstances indicate that the allocation was uncontested, non-adversarial, and tax motivated. The payor's intent is a factor that you may consider in determining the validity of any allocation agreement.

When payments are received pursuant to a settlement agreement from which it cannot be clearly discerned why the payments were made, you may examine the underlying complaint and details surrounding the litigation as an indicator of the payor's intent.

**TAX REFUND ACTIONS - PENALTIES**

The Internal Revenue Code provides that a taxpayer can be assessed and required to pay a monetary penalty if any portion of an understatement of a tax is attributable to negligence or disregard of rules or regulations. The term of "negligence" includes any failure to make a reasonable attempt to comply with Code, and the term "disregard" includes any careless, reckless, or intentional disregard of the Code. Negligence can be indicated if the taxpayer fails to make a reasonable attempt to ascertain the correctness of not reporting certain income on his tax returns.

**TAX REFUND ACTIONS - ELEMENTS AND BURDEN OF PROOF - PENALTIES**

The Government bears the burden of proof with respect to the liability of any individual for penalties. If a taxpayer files a petition alleging some error in the determination of the penalty, the taxpayer's challenge will succeed unless the Government produces evidence that the penalty is appropriate.

**TORT TYPE RIGHTS**

Plaintiff Roulac's complaint in the Deloitte lawsuit stated twelve claims. The sixth claim was not based upon tort or tort-type rights. The first, second, third, fourth, fifth, seventh, eighth, ninth, eleventh, and twelfth claims were based upon tort or tort type rights.

| No. | Claim | Type |
|---|---|---|
| 1. | Breach of fiduciary duty/constructive fraud re termination | Tort |
| 2. | Breach of fiduciary duty/constructive fraud re merger | Tort |
| 3. | Fraudulent nondisclosure re Deloitte agreement | Tort |
| 4. | Constructive fraud re Deloitte agreement | Tort |
| 5. | Negligent misrepresentation re Deloitte agreement | Tort |
| 6. | Breach of written contracts | Non-tort |
| 7. | Conspiracy to induce breach of contract and breach of fiduciary duty | Tort |
| 8. | Intentional misrepresentation re performance award | Tort |
| 9. | Negligent misrepresentation re performance award | Tort |
| 10. | Intentional interference with contractual relations | Tort |
| 11. | Negligent interference with contractual relations | Tort |
| 12. | Breach of implied covenant of good faith and fair dealing | Tort |

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through my Courtroom Deputy, signed by your presiding juror or by one or members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached a unanimous verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Dated: March 7, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE