IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN E. ROULAC, and O.D. PARKINSON,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | No. C 04-02671 JSW<br><br>**VOIR DIRE** |

## STATEMENT OF THE CASE

This is a civil case filed by the plaintiff, Stephen Roulac, who has sued the United States to recover income taxes, interest, and penalties he paid which the defendant claims he owed for the 1996 tax year. The issues in this case involve the receipt by Mr. Roulac in 1996 of $1,600,000 from the accounting firm of Deloitte & Touche (Deloitte) in settlement of litigation that Mr. Roulac filed in 1993 against Deloitte. Mr. Roulac claims that the $1,600,000 was received by him from Deloitte on account of personal injuries or sickness and therefore not includable as taxable income on his 1996 tax return. The defendant claims that the $1,600,000 was not received by Mr. Roulac from Deloitte on account of personal injuries or sickness and therefore should have been included as taxable income on his 1996 tax return. Mr. Roulac claims he is entitled to a refund of the taxes, interest and penalties paid by him. The defendant claims that no refund should be paid to Mr. Roulac. Plaintiff Olivia Parkinson is Mr. Roulac's wife. Because Ms. Parkinson and Mr. Roulac filed joint returns after 1996, she is a plaintiff in this case. However, she is not involved in any issue to be decided by the jury.

**QUESTIONS**

1. Counsel for the Plaintiffs will introduce himself and counsel associated in the trial, and his law firm, as well as all the witnesses who will testify in the Plaintiffs' case. Jurors will be asked if they:

    a) know any of these persons

    b) had any business dealing with them or were represented by them or members of their office;

    c) had any other similar relationship or business connection with any of them.

2. Counsel for Defendant will introduce himself and any other counsel associated in trial, and indicate any witnesses that defendant may choose to call. Jurors will be asked if they:

    a) know any of these persons (including Kevin Ryan, U.S. Attorney for the Northern District of California);

    b) had any business dealing with them or were represented by them or members of the U.S. Attorney's Office;

    c) had any other similar relationship or business connection with any of them.

3. I will introduce myself and ask the jurors whether any of them know me or any member of my staff, Daisy Salzman, Melissa Goldberg, Kristin Ring, or Jennifer Ottolini.

4. Have you ever served as a juror in a criminal or a civil case or as a member of a grand jury in either a federal or state court?

    a) Was it a civil or criminal case?

    b) When did you serve?

    c) Did the jury reach a verdict?

    d) Is there anything about your prior jury service that would affect your ability to be a fair and impartial juror in this case?

5. Have any of you or an immediate family member ever been a party to a lawsuit? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

6. Have any of you or anyone in your immediate family had any training in the law?

7. I will ask you some questions with respect to the Internal Revenue Service ("IRS") a bit later in this process. Other than with respect to the IRS, have any of you, your immediate family, any business you own or owned, or any of your close friends ever been a party to: (1) any legal action or proceeding involving the federal Government, its officers, agencies or employees; (2) ever made a claim against the federal Government; or (3) had a claim made by the federal Government against you, your immediate family or a business you own or owned?  If the answers to any of these questions are yes:

    a) When and what was the nature of the legal action or claim?

    b) In your opinion, was the matter resolved satisfactorily?

    c) Do you believe that representatives of the federal Government treated you fairly and acted courteously in resolving the matter?

    d) Is there any thing about that experience that would prevent you from being a fair and impartial juror in this case?

8. Again, other than with respect to the IRS, Have you, your immediate family, any business you own or owned, ever been the subject of any governmental investigation?  If the answer to this question is yes:

    a) When and what was the nature of the investigation?

    b) In your opinion, was the matter resolved satisfactorily?

    c) Do you believe that representatives of the federal Government treated you fairly and acted courteously in resolving the matter?

    d) Is there any thing about that experience that would prevent you from being a fair and impartial juror in this case?

9. Have you, your immediate family, close friends or any business you own or owned, ever been audited by the IRS?

    a) When was the audit?

    b) In your opinion, was the matter resolved satisfactorily?

      c)    Do you believe that representatives of the federal Government treated you fairly and acted courteously in resolving the matter?

      d)    Is there any thing about that experience that would prevent you from being a fair and impartial juror in this case?

10. Have you, your immediate family, close friends or any business you own or owned, ever been assessed a penalty by the IRS?

      a)    How long ago?

      b)    In your opinion, was the matter resolved satisfactorily?

      c)    Do you believe that representatives of the federal Government treated you fairly and acted courteously in resolving the matter?

      d)    Is there any thing about that experience that would prevent you from being a fair and impartial juror in this case?

11. Have you, your immediate family, close friends or any business you own or owned, ever been the subject of an IRS attempt to collect unpaid taxes?

      a)    How long ago?

      b)    In your opinion, was the matter resolved satisfactorily?

      c)    Do you believe that representatives of the federal Government treated you fairly and acted courteously in resolving the matter?

      d)    Is there any thing about that experience that would prevent you from being a fair and impartial juror in this case?

12. Have you, your immediate family, close friends or any business you own or owned, ever had any other type of dispute with the IRS?

      a)    When and what was the nature of the dispute?

      b)    In your opinion, was the matter resolved satisfactorily?

      c)    Do you believe that representatives of the federal Government treated you fairly and acted courteously in resolving the matter?

      d)    Is there any thing about that experience that would prevent you from being a fair and impartial juror in this case?

13. Apart from matters that may have already been discussed, have you, your immediate family, close friends or any business you own or owned, ever had an experience with the police, IRS, or any other law enforcement agency? Is there anything about that experience that would prevent you from being a fair and impartial juror in this case?

14. Have any of you or your immediate family owned or managed a business?

15. Have you, your immediate family, or any close friends ever been employed by a state or government entity?
    a) What was that entity?
    b) Is there any thing about that experience that would prevent you from being a fair and impartial juror in this case?

16. Do you usually do your own taxes or does an accountant or preparer do your taxes for you?

17. Have you, your immediate family, a business you own or owned, or any close friends lost any money because of what an accountant or preparer did or did not do? Is there any thing about that experience that would prevent you from being a fair and impartial juror in this case?

18. Do you believe that the income tax laws of the United States are unconstitutional? Is there anything about that belief that would prevent you from being a fair and impartial juror in this case?

19. Do you disagree with the idea that everyone is obligated to file income tax returns or pay taxes? Is there anything about that belief that would prevent you from being a fair and impartial juror in this case?

20. Do you hold any strong personal or philosophical beliefs about the tax system of the United States? Is there anything about those beliefs that would prevent you from being a fair and impartial juror in this case?

21. Are you or any members of your immediate family a member of any group or organization, whether formal or informal, that is engaged in advocating reform, revision, or abolition of the tax system of the United States? Is there anything about your

5

membership or knowledge of that group or organization that would prevent you from being a fair and impartial juror in this case?

22. Do any of you believe a person would be cheating the government if he or she uses or uses existing tax laws to pay less in taxes than if he or she did not use those tax laws?

23. Do any of you hold any strong beliefs about claims for emotional distress? Is there anything about those beliefs that would prevent you from being a fair and impartial juror in this case?

24. In the trial, the Plaintiffs will put their evidence on first and then the Defendant has the opportunity to put on its evidence. Do any of you think that you would have difficulty keeping an open mind regarding this case until you have heard all of the evidence and I have instructed you on the law?

25. If you are selected as a juror, you may have to resolve conflicts in the testimony of witnesses. This means you may have to decide whether to believe or reject all or part of a witness' testimony. Do any of you feel that this is something you cannot do?

26. Would any of you be inclined to either believe or disbelieve the testimony of an employee of the IRS solely because that person is employed by the IRS?

27. If you are selected to sit on this case, is there anyone who thinks they will not be able to render a verdict solely on the evidence presented at the trial and in the context of the law as I will give it to you in my instructions, disregarding any other ideas, notions, or beliefs about the law that you may have encountered in reaching your verdict?

28. Having heard the questions put to you by the court, can any of you think of any other reason suggest as to why you could not sit on this jury and render a fair verdict based on the evidence presented to you and in the context of the court's instructions to you on the law?

29. Do any of you have anything that you would like to bring to the Court's attention (*e.g.*, health problems, hearing problems, difficulty understanding English, personal bias, financial problems, etc.) that might affect your ability to be an effective, fair and impartial juror?

Dated: March 6, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE