IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

STEPHEN E. ROULAC and O.D. Parkinson,

    Plaintiffs,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. C 04-02671 JSW

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OF ORDER GRANTING JUDGMENT AS A MATTER OF LAW IN FAVOR OF PLAINTIFFS WITH RESPECT TO NEGLIGENCE PENALTY**

On March 17, 2006, Defendant filed a motion for leave to file a motion for reconsideration, in which Defendant asks the Court to reconsider its judgment as a matter of law in favor of Plaintiffs with respect to negligence penalties assessed by Defendant.

On March 27, 2006, the Court construed that motion as a motion to alter or amend judgment pursuant to Rule 59(e), and issued a briefing schedule. The matter is now ripe for decision, and the Court finds that oral argument is not warranted. *See* N.D. Civ. L.R. 7-1(b). Having considered the parties' pleadings, and relevant legal authority, the Court DENIES Defendant's motion.

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." *Turner v. Burlington Northern Santa Fe Railroad*, 338 F.3d 1058, 1063 (9th Cir. 2003). Although there are four grounds upon which a court may grant such a motion, the essence of Defendant's motion is that it is necessary to correct a manifest error of

law or fact on which the judgment is based. *See id.*[1] Specifically, Defendant asks the Court to vacate its judgment in favor of Plaintiffs on this issue because the parties incorrectly assumed the Defendant bore the burden of proof with respect to its entitlement to the negligence penalties assessed.

Although it appears that the Defendant is correct in its assertion that Plaintiffs should have born the burden of proving that the negligence penalties did not apply, the Court concludes Defendant invited this error in *stipulating* to a jury instruction that misstated the appropriate burden and by agreeing during oral argument on the motion for judgment as a matter of law that it bore the burden on this issue. (*See* 3/8/06 Tr. at 56:12-21.) Further, the parties apparently approached the litigation under this assumption and, having sat through the trial, it is apparent to the Court that the Plaintiffs presented their case operating under the assumption that the Defendant had to show Plaintiffs were negligent, rather than having to put on evidence to show they were not negligent.

Having created the error of which its complains, Defendant should not now be permitted to argue that because of this error, Plaintiffs failed to meet their burden and the judgment must be vacated. *Cf. Hudson v. Wylie*, 242 F.2d 435, 449 (9th Cir. 1957) ("Where a party prevents proof by his objection, or procures its exclusion he cannot object that such a fact is not proved."). Accordingly, recognizing the wide discretion it has in ruling on a motion to alter or amend a judgment, the Court concludes Defendant's have not established that the Court's ruling in favor of Plaintiff on the question of negligence penalties should be set aside.

The parties are HEREBY ORDERED to submit a judgment reflecting the Court's ruling

---

[1] Defendant again contends that its motion should be considered under Rule 60. However, notwithstanding the fact that the Court had not entered a formal judgment with respect to the amount of money to be refunded to Plaintiffs, that amount was not in dispute. Thus, the Court did adjudicate all rights and claims of the parties.

1 | and the amount of negligence penalties to be refunded to Plaintiffs by May 5, 2006.

2 | **IT IS SO ORDERED.**

3 | Dated: April 28, 2006

*/s/ Jeffrey S. White*
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE